# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **KRISTIE BALDWIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **WILLIAMSON COUNTY** ) | |
| **BOARD OF EDUCATION** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff, Kristie Baldwin, sues the Defendant, the Williamson County Board of Education, pursuant to 29 U.S.C. § 216(b) for damages for failing to pay her due wages as required by the Fair Labor Standards Act, and for cause of action states:

## PARTIES

1. Plaintiff Kristie Baldwin ("Baldwin") is over the age of nineteen (19) and is a non-exempt employee with the Williamson County Board of Education. Baldwin resides in Antioch, Tennessee, and has worked for the Williamson County Board of Education since 2016.

2. Baldwin is a site leader for the Williamson County Board of Education's School Age Child Care ("SACC") program. The SACC is a year-round program that provides extended care services for school-aged children.

3. Baldwin is an "employee" under 29 U.S.C. § 203(e)(2)(C).

4. Defendant Williamson County Board of Education is a body politic that is responsible by law for the management and control of the public schools in Williamson County, Tennessee.

1

5. The Defendant Williamson County Board of Education is an employer under 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue for this action properly lies in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(1) and (2).

## FACTS

8. Baldwin has worked for the Williamson County Board of Education for six years as a SACC site leader.

9. Baldwin's position entails, among other things, caring for the children enrolled in the SACC program; drafting weekly reports; approving weekly payroll entries; submitting records; maintaining accounts receivable reports; contacting the parents of enrolled children regarding billing; drafting weekly correspondence about the program; attending monthly site leadership meetings; attending monthly field team meetings; attending monthly coaching meetings; attending monthly mentor/mentee meetings; conducting meetings as necessary with students parents and staff; meeting with school administrators as necessary; maintaining files; documenting student risks and incidents; creating daily instructional schedules and plans; creating team schedules; updating staff training logs; and ordering food and supplies for the site.

10. Baldwin is not employed in a bona fide executive, administrative, or professional capacity or in any other category of exempt employees under 29 U.S.C. § 213(a) or 29 C.F.R Part 541.

11. At all relevant times, Baldwin has been compensated on an hourly basis.

12. From the beginning of her employment until August 2021, Baldwin spent several hours each day working off the clock at the direction of her supervisors in order to complete her assigned duties. This work benefitted the Williamson County Board of Education.

13. On a typical day from the beginning of her employment until August 2021, Baldwin reported for work at 6:30 a.m. and clocked in. She worked with students from 6:30 a.m. to 8:30 a.m. and completed administrative work until 10:15 a.m.

14. At 10:15 a.m., Baldwin clocked out at the direction of her supervisors. She then continued to complete her job duties until 2:00 P.M. During this time, she sent and received work-related emails, made and returned phone calls, and placed orders for supplies.

15. At 2:00 p.m., Baldwin sometimes clocked back in and continued completing administrative tasks. At other times, she was not allowed to clock back in because to do so would put her over the overtime compensation threshold. Whether clocked in or not, Baldwin completed her assigned administrative tasks between 2:00 p.m. and 3:30 p.m. At 3:30, she began caring for children and continued providing care until 6:00 p.m., when she clocked out. In total, she spent nearly twelve hours per day completing her assigned tasks.

16. Baldwin was ordinarily paid for eight hours for each of the above-described workdays. She was routinely not compensated for the time spent between 10:15 a.m. and 2:00 p.m. for any work performed. She was also routinely not allowed to clock back in at 2:00 p.m. when her hours reported as worked were close to the overtime threshold. By requiring Baldwin to be clocked out while she was still performing her job duties, the Defendant required Baldwin to work in excess of forty hours per workweek without paying her the overtime pay to which she was entitled under 29 U.S.C. § 207(a)(1).

17.     Baldwin repeatedly informed her superiors that she was expected to work off the clock to complete her assigned tasks, and no supervisor intervened to ensure that appropriate payment was made for off-the-clock work.

18.     Administrative officials of the Williamson County Board of Education knew or should have known that Baldwin was performing work that conferred a benefit on it during time for which she was not compensated.

19.     The Williamson County Board of Education has systematically avoided identifying, recording, and compensating off-the-clock hours spent by Baldwin performing compensable, job-related activities.

## COUNT 1

**(Violation of the Fair Labor Standards Act)**

20.     All previous paragraphs are incorporated as though fully set forth herein.

21.     The FLSA requires an employer to pay covered employees not less than the established minimum wage for every hour worked in a workweek. *See* 29 U.S.C. § 206.

22.     The FLSA requires that for hours worked in excess of forty during the workweek, an employer must pay covered employees overtime compensation of "not less than one and one-half times their regular rate of pay." *See* 29 U.S.C. § 207(a).

23.     The Williamson County Board of Education has violated the FLSA by failing to compensate Baldwin for overtime periods which it knew or should have known Baldwin worked.

24.     The Williamson County Board of Education acted willfully or with reckless disregard of its obligations under the FLSA.

25. Pursuant to the FLSA, Baldwin is entitled to reimbursement of the costs and attorney's fees expended if she is successful in prosecuting an action for unpaid overtime wages. *See* 19 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Baldwin prays for the following relief:

A. A declaration that the Defendant has violated the overtime provisions of the FLSA;

B. A judgment against the Defendant for all unpaid and underpaid wages that the Defendant has failed and refused to pay in violation of the FLSA;

C. Liquidated damages for the Defendant's willful violation of the FLSA;

D. An award of the Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and discretionary costs pursuant to Fed. R. of Civ. P. 54(d); and

E. Such other and further relief as this Court deems just and proper.

/s/ Casey R. Malloy
Richard L. Colbert, No. 9397
Casey R. Malloy, No. 38440
KAY GRIFFIN, PLLC
222 2nd Avenue North, Suite 340-M
Nashville, Tennessee 37201
(615) 742-4800
rcolbert@kaygriffin.com
cmalloy@kaygriffin.com
*Attorneys for Kristie Baldwin*